AMARETTA SMITH, Appellee, v. O. J. PIPER AND D. A. PATTERSON, Sheriff, Appellants.

Partition: LIEN HOLDER: NECESSARY PARTY. In a partition proceeding, the holder of a judgment lien on an undivided interest in the property is a necessary party to the proceeding, and unless served with notice his lien is not extinguished by judicial sale, though regular and fair in all other respects.

1

*Appeal from Adair District Court.*—HON. A. W. WILKINSON, Judge.

WEDNESDAY, OCTOBER 29, 1902.

ACTION in equity to enjoin sheriff's sale of r·al estate. Decree f)r plaintiff, and defendants appeal.—*Reversed.*

*Frank B. Wilson* for appellants.

*F. O. Hinkson* and *Guiher and Tedrick* for appellee.

WEAVER, J.—In the year 1890, one James Roberts died intestate, leaving certain real estate, situated in Adair county. In 1892 an action was begun in t ie district court of said county for a partition of said property. In the pleadings in said proceedings, O. J. Piper, the principal defendant herein, was named as a party d fendant on account of his claim of a judgment lien upon the share or interest of Thomas Roberts in said property. In the course of said proceedings an investigation was made of all liens appearing upon said lands, and four judgment liens were found to exist upon the interest owned therein by the said Thomas Roberts, of which the judgment in favor of Piper stood last in order of priority. The said Thomas Roberts was found to be the owner of a one-tenth part of the land, and it was ordered and adjudged that the proceeds of the sale of such share, after deducting a certain sum on account of homestead exemptions, should be applied to the payment of said judgment liens in the order of their priority. The decree confirming the shares of the parties, ordering sale, and distribution of the proceeds, and fixing the priority of liens, recites that Mr. Piper was duly served with original notice in said action. Upon the sale under said order the plaintiff herein became purchaser of the land at a price which appears to h ive been reasonable and adequate, and the share of Thomas Roberts applicable to the payment of his debts was found insufficient to discharge the judgmens first in priority. In 1899, Mr. Piper, claiming never to have been served with original notice in the partition proceedings, caused execution to be issued upon his judgment, and levied upon the land, whereupon this suit was instituted to enjoin the sale.

I.    Upon the face of the record we should have some doubt whether the denial by Piper of service of notice upon him is sufficiently established, but that fact being, in effect, conceded in argument, we are compelled to hold that the sale of the land in partition did not have the effect to remove the judgment lien.   We should be glad to reach another conclusion, for, so far as can be now seen, the sale was fairly made for a good price, and by the terms of the decree the defendant's rights were guarded and provided for precisely as they would have been had the court acquired actual jurisdiction of his person.   But the statute (Code, section 4250) made him a necessary party to a valid adjudication of his rights, and we are constrained to hold that he may still be heard to insist upon his lien, and the decree of the court below must be reversed.

II.    Appellee urges that, in any event, by the application of the purchase money paid by her to the judgments prior in right to the defendant's judgment, she is entitled to be considered to that extent a prior lienholder, and that the enforcement of defendant's claim must also be subject to the homestead exemption made in favor of Thomas Roberts.   If we assume that the facts are as they were determined to be in the partition proceedings, we think this contention is correct; but, the defendant not having been made a party to said proceedings, he is entitled to be heard, if he so desire, upon the correctness of that finding.   It is ordered, therefore, that this cause be remanded to the trial court, with leave to the parties, if they shall be so advised, to file amended pleadings for the determination of the amount and priority of their several claims and liens, and that for such purpose further proceedings under defendant's execution be stayed, subject to the order of the district court.—REVERSED.